﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 190418-18080
DATE: December 31, 2020

ORDER

Entitlement to service connection for compensation purposes for an acquired psychiatric disorder, including unspecified psychotic disorder, unspecified depressive disorder, alcohol use disorder, and posttraumatic stress disorder (claimed as posttraumatic stress disorder [PTSD]), is granted.

FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, his acquired psychiatric disorder(s), including unspecified psychotic disorder, unspecified depressive disorder, alcohol use disorder, and posttraumatic stress disorder, was incurred in or caused by military service to a compensable degree.

CONCLUSION OF LAW

The criteria for compensable service connection for an acquired psychiatric disorder, including unspecified psychotic disorder, unspecified depressive disorder, alcohol use disorder, and posttraumatic stress disorder, have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.303, 4.130. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the U.S. Navy from January 1987 to January 1991 and from May 1991 to January 1993. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from March 2017 and January 2019 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston Salem, North Carolina. 

Service Connection

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Secondary service connection may be established for a disability that is proximately due to, or the result of, a service-connected disease or injury. 38 C.F.R. § 3.310(a). Substantiating a secondary service connection claim requires competent evidence of: (1) a diagnosis of the disability for which service connection is being sought; (2) a service-connected disability; and (3) that the current disability was either caused or aggravated by the already service-connected disability. 38 C.F.R. § 3.310 (a); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a), a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). The provisions of 38 C.F.R. § 4.125(a) require that a diagnosis of a mental disorder conform to the DSM. For cases certified to the Board after August 4, 2014, a diagnosis of PTSD must be in accordance with the DSM-5. See 38 C.F.R. § 4.125.

When there is an approximate balance in the evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

1. Entitlement to compensable service connection for an acquired psychiatric disorder, including unspecified psychotic disorder, unspecified depressive disorder, alcohol use disorder, and post-traumatic stress disorder (claimed as PTSD).

The Veteran contends that his acquired psychiatric disorder is related to his military service.

The Veteran initially claimed service connection for depression and anxiety in October 2015, and in January 2017, he claimed service connection for PTSD. Service connection for treatment purposes under 38 U.S.C. Chapter 17 was granted in March 2017. Construing the claim liberally, based on the reasonable expectations of the non-expert claimant, the Board has recharacterized the issue on appeal as entitlement to compensable service connection for an acquired psychiatric disorder. The current issue encompasses any diagnosed acquired psychiatric disorders developed in the processing of the claim. See Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The Veteran’s STRs show that the Veteran was noted in-service for being “hyper” and possible “adjustment disorder.” See March Medical Record Progress Notes and October 1992 Chronological Record of Medical Care. Both separation examinations for the Veteran were negative for any “Psychiatric…Depression or excessive worry…Nervous trouble of any sort.” See November 1990 and January 1993 Reports of Medical Examination and Medical History. 

The Veteran was afforded a VA examination for mental disorders (other than PTSD and Eating Disorders) in April 2016 and was diagnosed with unspecified psychotic disorder, unspecified depressive disorder, and alcohol use disorder. The VA examiner found that the Veteran did not currently meet other American Psychiatric Association’s Diagnostic and Statistical Manual for Mental Disorders (DSM)-5 diagnostic criteria and did not meet diagnostic criteria for a diagnosis of PTSD. See April 2016 VA examination report. 

Two PTSD screening instruments were applied to the Veteran during his VA treatment. Both were negative, and both returned a score of 0. See August 2011 VA Primary Care and December 2016 VA Mental Health Notes. In January 2017, the Veteran was provided with a VA examination for PTSD. The Veteran was diagnosed with PTSD but with no additional DSM-5 mental disorders. The examiner determined that the Veteran experienced “Occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, and / or mood.” See January 2017 VA examination report. 

The examiner determined that the in-service stressor used as the basis for the PTSD diagnosis was a gunshot wound inflicted during a robbery attempt of the Veteran in October 1992. See January 2017 VA examination report and October 1992 Narrative Summary. Unfortunately, October 1992 is in a period of service for which the Veteran was determined to be ineligible for VA benefits. See June 2016 VA Administrative Decision. An additional VA examination for PTSD was completed in November 2017. The Veteran was diagnosed with unspecified depressive disorder. A May 1989 assault against the Veteran was considered for an in-service stressor for a PTSD diagnosis. See May 1989 Chronological Record of Medical Care. The examiner determined, “[I]t is less likely than not that the 1989 assault would lead to PTSD,” and, “It is less likely than not that (the Veteran’s) mood disorder is related to the 1989 assault.” See November 2017 VA examination report. 

A private examination was performed in December 2016 for the Veteran. The examiner noted “depression, anxiety, and panic attacks” and diagnosed the Veteran with “Post-traumatic Stress Disorder, DSM 5 309.81 (F43.10) Chronic, Severe, DSM IV GAF 35.” The in-service stressor used as the basis for the PTSD diagnosis was the May 1989 assault on the Veteran, which “is consistent with the conditions necessary to produce a Post-traumatic Stress Disorder, DSM 5 309.81 (F43.10) A 1.” Noted in the examination was that the Veteran, “[I]s suspicious and guarded…focus and concentration are impaired…Affect is flat and motivation is disturbed.” The examiner continued, “(The Veteran) has difficulty establishing and maintaining effective social relationships. As a result [sic] he maintains a socially isolated life. These symptoms and behaviors are consistent with the diagnosis of PTSD, DSM 5 309.81 (F43.10) B 1.2.4.5. C 1. 2. D 2. 5. 6. E 3. 5. 6. FGH.” See December 2016 private examination report. 

The clinical psychologist who provided the December 2016 medical opinion provided a positive nexus opinion, “[I]t is more likely than not that (Veteran) suffers from PTSD triggered by the trauma he experienced in the US Navy.” See December 2016 private examination report. The opinion included several follow-up documents, which considered the pertinent evidence of record, to include a clinical interview with the Veteran, statements of the Veteran, and a review of service treatment records. There is no indication that the psychologist was not fully aware of the Veteran’s past medical history or that he misstated any relevant fact. In addition, the psychologist provided reference to relevant evidence in the record and fully supported his conclusions. See December 2016 PTSD Disability Benefits Questionnaire, January 2017 VA Form 21-0781, and April 2017 letter. 

The Board affords probative weight to such opinion, as the opinion provided a complete rationale, relying on and citing to the records reviewed, and offered clear conclusions with supporting data as well as reasoned medical explanations connecting the two. See Nieves-Rodriquez v. Peake, 22 Vet. App. 295, 304 (2008). Here, the opinion is consistent with the Veteran being presumed sound at entrance, having a behavior change during service, and having continuous mental health symptoms after discharge. See 38 U.S.C. § 1111. 

Weighing the probative values of these opinions, both for and against service connection, the Board finds that the evidence is at least in equipoise. Therefore, the Board resolves reasonable doubt in the Veteran’s favor and finds that compensable service connection for an acquired psychiatric disorder, including unspecified psychotic disorder, unspecified depressive disorder, alcohol use disorder, and posttraumatic stress disorder (claimed as posttraumatic stress disorder [PTSD]), is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. As PTSD is an 

 

anxiety disorder and is rated under the same criteria as the service-connected psychiatric disability, it would not be assigned a separate rating (but would be encompassed in the service-connected mental disorders evaluation under 38 C.F.R. § 4.130).

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Small, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.